■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOGDAN GREN, Appellant. [729 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Finnegan, J.), rendered March 19, 1998, convicting him of murder in the second degree, kidnapping in the first degree, kidnapping in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was involved in the kidnapping and shooting death of the victim. At the suppression hearing, testimony was elicited that the defendant was stopped by a police officer who was under the impression he was responding to an automobile accident. The officer's purpose in responding to the scene was "to take an accident report." He drew his gun when he saw that the defendant's companion was armed. The police soon ascertained that the defendant was seriously injured, and transported him to the hospital by ambulance. The officer who accompanied the defendant to the hospital in the ambulance patted him down for her safety, but was unaware of whether the defendant was considered a suspect or a victim. The defendant was not handcuffed at any time.

No police officers other than Detective Hunt were in the trauma room with the defendant when Detective Hunt questioned him. As the hearing court found, Detective Hunt did not know "who had done what to whom." Before he questioned the defendant, Detective Hunt asked the attending physician for permission, because he was concerned about the defendant's physical condition, and whether he was likely to die. Detective Hunt's questioning was investigatory, not accusatory. During the questioning, the defendant admitted to Detective Hunt that he had kidnapped the victim.

In view of the foregoing, the hearing court properly found that, under the circumstances, a reasonable person innocent of any crime would not have believed he was in custody (*see, People v Morales,* 65 NY2d 997; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851), and the defendant was not entitled to the suppression of that statement based on the absence of *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.